<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION | : : : | MDL No. 1663 Civ. No. 04-5184 (GEB) |
| U-HAUL FEDERAL CREDIT UNION, et al., | : : : | |
| Plaintiffs, | : : | Civ. No. 06-0593 (GEB) |
| v. | : : | |
| MARSH USA INC., et al., | : : | **MEMORANDUM OPINION** |
| Defendants. | : : | |

<u>**BROWN, Chief District Judge**</u>

This matter comes before the Court upon the motion of Plaintiffs U-Haul Federal Credit Union, et al. ("Plaintiffs" or "U-Haul") for lift of stay and suggestion of remand [# 71]. Defendants Marsh USA Inc., et al. ("Defendants") oppose U-Haul's motion [# 74]. The Court has considered the parties' written submissions and the oral arguments heard on December 15, 2008. Having done so, the Court will grant U-Haul's motion and lift the stay for the limited purpose of recommending that the Judicial Panel on Multidistrict Litigation transfer this case to the District of Arizona.

**I.   BACKGROUND**

On October 26, 2005, U-Haul filed a complaint in Arizona Superior Court that alleged Defendants had violated Arizona state law and caused damages. (Compl.)[#3]  Shortly

thereafter, Defendants removed U-Haul's complaint to United States District Court for the District of Arizona.  (*Id.*)  Defendants have at all times maintained that federal diversity jurisdiction is appropriate because Defendants John and Jane Doe Hansen (the "Hansens") - the lone Arizona resident Defendants in this case - were fraudulently joined by U-Haul to prevent removal.  (Defs.' Opp'n Br.)[# 74]  Following removal, U-Haul filed a motion in the District of Arizona to remand this case to Arizona state court.  (Pls.' Mot. Br.) [#72].  In that motion and at all times since, U-Haul has argued that the claims against the Hansens are valid under Arizona law, that the Hansens' joinder renders the parties non-diverse, and that the federal courts lack subject matter jurisdiction in this case.[1]   (Pls.' Mot. Br.) [#72]

U-Haul's motion to remand was never decided in the District of Arizona.  Instead, it appears that motion was stayed pending transfer of this case to the District of New Jersey by the Judicial Panel on Multidistrict Litigation ("MDL Panel") for inclusion in MDL No. 1663, *In Re Insurance Brokerage Antitrust Litigation*[2] [#1].  Shortly after this case was transferred to MDL 1663, U-Haul filed a motion for determination of jurisdiction pursuant to the Supreme Court's decision in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) [ # 3].  On February 22, 2007, MDL 1663 and this case were reassigned to this Court [# 32].  Shortly after reassignment, on April 11, 2007, this Court issued an order staying all proceedings in MDL 1663 (the "stay") pending the filing of certain amended complaints and the resolution of certain

---

[1]   It is undisputed that Plaintiffs' complaint asserts no federal claims against Defendants, and presents no federal questions.  Neither party argues that the federal courts have subject matter jurisdiction in this case if the parties' citizenship is not diverse.

[2]   The Court assumes the parties' familiarity with MDL 1663, and for the sake of economy will not detail the factual background and procedural history of that litigation here.

motions to dismiss. (GEB Order 4/11/07) [# 46]  In light of the stay, this Court administratively terminated U-Haul's motion for *Steel Co.* determination of jurisdiction [# 54].

Despite the stay, U-Haul has filed three motions in this Court since April 11, 2007 [# 57, 65, 71]. On October 4 and 30, 2007, respectively, U-Haul filed a motion to transfer this case to the District of Arizona [# 57], and a motion for leave to amend its complaint [# 65]. Defendants opposed both of those motions [# 60, 67], which were denied without prejudice by United States Magistrate Judge Patty Shwartz in an order dated January 24, 2008 [# 69]. U-Haul's present motion, its third filed post-stay, asks the Court to lift the stay and suggest that the MDL Panel remand this case to the District of Arizona [# 71].

In support of its motion for lift of stay and suggestion of remand, U-Haul argues that this case's continued participation in MDL 1663 is inappropriate for many of the reasons articulated by the Court in the August 19, 2008, *KLLM* memorandum opinion and order.[3] (Pls.' Mot. Br.; Pls. Reply Br.) [# 72, 75]  U-Haul asserts that its claims against Defendants, if amended as proposed, no longer resemble the claims common to MDL 1663. (*Id.*)  Further, U-Haul argues that the minimal discovery it requires to move for summary judgment against Defendants is unique to its amended claims. (*Id.*)  Additionally, U-Haul contends that their participation in MDL 1663 has provided no benefit, and will provide no benefit going forward. (*Id.*)  In fact, U-Haul asserts that continued participation in MDL 1663 impedes the timely and efficient resolution of this case. (*Id.*)  As a final point, U-Haul restates its "unflagging" challenge to federal subject matter jurisdiction in this case. (*Id.*)  For all these reasons, U-Haul asks this Court

---

[3] Hereinafter, the Court will occasionally reference the August 19, 2008, memorandum opinion and order that lifted the stay and recommended the MDL Panel transfer "tag-along" plaintiff KLLM's case to the transferor court. That memorandum opinion and order can be found at: (Civ. No. 04-5184 (GEB)) [# 1416, 1417].

to recommend the MDL Panel transfer this case back to the District of Arizona.  (*Id.*)

Defendants vigorously oppose the instant motion, and assert that U-Haul should remain a party to MDL 1663 for a variety of reasons.  (Defs.' Opp'n Br.) [# 74]  Defendants primarily argue that U-Haul's claims, even if amended as proposed, still fundamentally involve the same "bid-rigging" and "steering" allegations that are the cornerstone of MDL 1663.  (*Id.*)  For that and other reasons, Defendants state that U-Haul's reliance on the Court's *KLLM* decision is wholly misplaced, and this Court should not recommend transfer of this case.

Having considered the parties' submissions and the oral arguments made on December 15, 2008, the Court will grant U-Haul's motion and lift the stay for the limited purpose of recommending that the MDL Panel transfer this case to the District of Arizona.

## II.   DISCUSSION

### A.  Legal Standard

As the Court noted in the *KLLM* memorandum opinion, multidistrict transfer and remand is governed by 28 U.S.C. § 1407(a), which provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

Pursuant to Rule 7.6(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation:

> The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on
>
> (i) motion of any party,
>
> (ii) suggestion of the transferee district court, or
>
> (iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

While the authority to remand a matter back to the transferor court lies solely with the Panel – pursuant to 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." Rule 7.6(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Once a case has been transferred into an MDL, "a party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re INTEGRATED RESOURCES v. INTEGRATED RESOURCES EQUITY CORP.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994)(*citing In re Holiday Magic Sec. & Antitrust Litigation*, 433 F. Supp. 1125 (J.P.M.L. 1977)). "The Panel has made it clear that it will 'remand an action . . . prior to completed pretrial proceedings only upon a showing of good cause.'" *In re INTEGRATED RESOURCES,* 851 F. Supp. at 562 (*quoting In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978)).

In determining whether to remand a matter to the transferor court, the Panel generally considers "whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*

5

128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001).  The Panel may exercise its discretion to remand "when everything that remains to be done is case-specific." *Id.* (*In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

When considering whether to remand a matter back to the transferor court, the transferee District Court is guided by the same standards employed by the Panel.  *See id.*  A suggestion of remand is appropriate when the transferee court has determined that its "role in the case has ended."  *In re INTEGRATED RESOURCES*, 851 F. Supp. at 562.

**B. Application**

After applying the facts of this case to the legal standard above, the Court concludes that a suggestion of remand is appropriate.  U-Haul's counsel has certified that, as a condition of remand, the complaint will be amended, in pertinent part, as follows:

> ¶ 19.   Despite Marsh's representations to plaintiffs that Marsh was acting in their best interests, in or about 1998, Marsh commenced to enter into a series of agreements with various insurance companies with which Marsh placed plaintiffs' policies by virtue of which Marsh would surreptitiously realize substantial additional income directly from those insurance companies - - essentially breaching its fiduciary duties to plaintiffs by obtaining income from those companies in essence for placing plaintiffs' business with them, without either disclosure to plaintiffs or obtaining plaintiffs' consent - - all in excess of the commissions it was already obtaining from plaintiffs.
>
> ¶ 31.   Marsh and Marsh Arizona breached their fiduciary duty by, without disclosure and by Hansen's false advice in response to plaintiffs' inquiry regarding contingent commission, engaging in bidrigging, kickback arrangements and other schemes alleged herein, by receiving secret kickbacks for the placement of plaintiffs' business, by failing to disclose any of their receipts of secret profits, various conflicts of interest as described above and by providing false and misleading information in response to plaintiffs' request for disclosure of such compensation.
>
> ¶ 32.   As a result of defendants' misconduct, against plaintiffs as alleged above,

> plaintiffs necessarily paid higher premiums for their insurance in essentially the same amounts as secretly kickbacked to Marsh.

(Pls.' Reply Ex. 1.) [# 75]   Because U-Haul will amend their complaint if this case is remanded, the Court will consider the proposed amended complaint for this analysis.  While U-Haul acknowledges that its amended complaint does not present the identical situation the Court addressed in *KLLM*, it does argue that any "practical, pragmatic" application of the relevant legal standard renders remand appropriate in this case.  (Pls.' Reply Br. at 1.) [# 75]   The Court agrees.

In *KLLM*, the plaintiffs dismissed with prejudice all claims and allegations against Marsh and other defendants that related to "contingent commissions" and "kickbacks." (*KLLM* Mem. Op. at 7-8.)  Further, the plaintiffs in *KLLM* agreed not to seek discovery related to those claims on remand, or utilize discovery obtained through participation in MDL 1663.  (*Id.*)   Therefore, when considering *KLLM*'s request for a suggestion of remand, the Court was presented with a case in which the very basis for transfer to MDL 1663 had been removed.  Under those circumstances, *KLLM*'s continued participation in MDL 1663 was clearly inappropriate.

The parties agree that U-Haul's case does not present identical issues.  Rather, on its face, U-Haul's amended breach of fiduciary duty claims against the Defendants allege "bidrigging" and "kickback" "schemes" that are arguably similar to other claims present in MDL 1663. Additionally, if remand is granted, U-Haul will seek discovery related to these allegations.  Those facts notwithstanding, the presence of three features that are unique to U-Haul's case, when considered together, convince this Court that a recommendation of remand to the District of Arizona is appropriate.

First, counsel for Defendants has failed to provide a single example of how this case can

possibly benefit from continued participation in MDL 1663. U-Haul's counsel, on the other hand, has made a compelling argument that the interest of prompt and efficient justice - a paramount concern of any court - militates remand of this case. U-Haul adamantly contends that it needs only a small number of discovery items to move for summary judgment against Defendants. Those discovery items are: (1) the nine contingent commission agreements between Marsh and other insurance carriers that U-Haul has not yet obtained; (2) Hansen's communications regarding contingent commissions; and (3) Hansen's deposition. (Pls.' Mot. Br. at 6.) [# 72] While the parties dispute whether some of these discovery items could have been obtained from the centralized discovery repository ("Case Central") established for MDL 1663, Defense counsel does not dispute U-Haul's contention that dispositive motions can be filed promptly after these items are obtained. Rather, Defense counsel's primary concern appears to be that other "tag along" plaintiffs may also move for remand if the present motion is granted. This is not an effective rebuttal to U-Haul's compelling, fact-based argument. Simply put, Defendants have not identified any way in which continued participation in MDL 1663 will benefit this case, and the Court had found none. Instead, it appears continued participation in MDL 1663 actually impedes the filing of dispositive motions, and thus a potentially prompt resolution to this case. The Court concludes this weighs heavily in favor of a suggestion of remand.

     Second, U-Haul's amended "bid-rigging" and "kickback" allegations, while bearing some resemblance to other claims in the MDL, are sufficiently case-specific to favor a suggestion of remand. In its amended complaint, U-Haul takes pains to limit its allegations to Defendants' actions that damaged U-Haul, and no more. Adjudication of U-Haul's claim will require the

resolution of critical factual and legal questions that are undeniably specific to this case. The prime example is, of course, U-Haul's allegations against Defendant John Hansen. U-Haul asserts that its allegations against Hansen are unique among all of the cases and claims in the MDL, and Defendants do not apparently contest that assertion. In sum, the Court concludes that U-Haul's amended claims are sufficiently case-specific to weigh in favor of a suggestion of remand.

Third and finally, U-Haul presents a challenge to federal subject matter jurisdiction that is unique within MDL 1663. To date, the merits of U-Haul's jurisdictional challenge have not been addressed. As this case is proceeding towards the filing and resolution of dispositive motions, U-Haul's challenge to federal subject matter jurisdiction must be decided. Undeniably, the resolution of U-Haul's jurisdictional challenge will require a court to consider and decide detailed issues of substantive Arizona state statutory and common law. This Court believes that those questions of substantive Arizona law should be addressed by a court in the District of Arizona. For that to happen, the MDL Panel must remand this case, and this Court will recommend that course of action.

## III. CONCLUSION

For the reasons discussed above, the Court will grant U-Haul's motion and lift the stay for the limited purpose of suggesting the MDL Panel remand this case to the District of Arizona. In doing so, the Court emphasizes that this conclusion is the result of the unique factors presented by U-Haul's case weighed together. An appropriate form of order accompanies this memorandum opinion.

Dated: March 3, 2008

                                                       /s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.